UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANDON LARKEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>DANIEL P. DRISCOLL,<br><br>                    Defendant. | CASE NO. C25-05498JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant Secretary of the Army Daniel P. Driscoll's motion to dismiss *pro se* Plaintiff Landon Larkey's complaint. (MTD (Dkt. # 6); (Reply (Dkt. # 16).) Mr. Larkey opposes the motion in part. (Resp. (Dkt. # 14).) The court has reviewed the parties' submissions and the governing law. Being fully advised, the court GRANTS Secretary Driscoll's motion to dismiss.

//

//

ORDER - 1

## II. BACKGROUND

Mr. Larkey contends that when he was employed by the U.S. Army in 2022, his first-line supervisor Gregory Gannon retaliated against him by initiating a Focused Professional Practice Evaluation ("FPPE") in response to Mr. Larkey reporting Mr. Gannon for timekeeping irregularities. (*See* Compl. (Dkt. # 1) at 2.)  A FPPE is an employment action intended to provide supervisory counseling to a federal employee with the goal of improving their performance. (*See generally id*.)  Mr. Larkey further asserts that he complied with the terms of the FPPE and Mr. Gannon did not. (*See id*. at 1-2 (asserting Mr. Gannon "failed to conduct a single supervisory meeting with [Mr. Larkey] and never completed the [FPPE]").)

Mr. Larkey also alleges that beginning in May 2023, while employed in the Soldier Recovery Unit ("SRU"), he faced further retaliation after he participated in protected activities, including (1) filing a formal Equal Employment Opportunity ("EEO") complaint; (2) advocating for the transfer of a Master Sergeant; (3) and refusing to support a "false narrative being constructed by the SRU leadership[.]"  (*Id*. at 3.)  Subsequently, Mr. Larkey was the subject of "multiple adverse employment actions[,]" including the issuance of a Letter of Reprimand.  (*Id*.)  Mr. Larkey asserts the Letter of Reprimand and the absence of performance counseling sessions or other supervisory actions by Mr. Gannon were "part of a coordinated effort involving the battalion surgeon, nurse case manager, executive officer, and other command leadership" to engage in a "deliberate campaign" to discredit and marginalize Mr. Larkey "for fulfilling [his] professional and ethical obligations."  (*Id*.)  Mr. Larkey contends that the combination of

1  these factors resulted in a hostile work environment.  (*Id.*)  Mr. Larkey resigned from his position at the SRU and accepted a lower-paying position with the Veterans Administration.  (*Id.*)  He also asserts that he suffered psychological harm as a result of his experience.  (*Id.*)

Mr. Larkey reported the alleged retaliation and civil rights violations to the Office of Special Counsel ("OSC") and the Office of the Attorney General, provided them with evidence to support his claims, and obtained a JAG report following an investigation.  (*See id*. at 6 (describing the information Mr. Larkey provided to support his claims and his understanding of the scope of the JAG review).)  Mr. Larkey asserts that the JAG investigation was conducted improperly, was too narrow in scope, and "represents a critical failure of administrative justice[.]"  (*Id.* (contending that the JAG investigation "entirely omitted the broader context of whistleblower retaliation, collusion, and denial of due process").)  Following the completion of the investigation and issuance of a report summarizing its findings, "both the [OSC] and the Attorney General's office determined that there was insufficient evidence to proceed."  (*Id.*)

On October 10, 2023, Mr. Larkey filed a claim with the Equal Employment Opportunity Office at Joint Base Lewis-McChord ("JBLM").  (*Id*. at 6.)  Administrative Judge Stuart Cox presided over the matter and, on March 19, 2025, finding the record evidence insufficient to show that Mr. Larkey was subjected to discrimination on any basis, granted Secretary Driscoll's motion for summary judgment.  (Compl. Ex. (Dkt. # 1) at 9-29 ("EEOCR Notice of Final Action").)  On June 5, 2025, Mr. Larkey filed a complaint against Secretary Driscoll, in his official capacity, alleging violations of the

1 Americans with Disabilities Act ("ADA"); the Rehabilitation Act; the Whistleblower

2 Protection Act ("WPA"), 5 U.S.C. § 2302; and EEO processing regulations, 29 C.F.R.

3 § 1614. (*See* Compl. at 2.) Mr. Larkey seeks relief in the form of a corrected personnel

4 file (*i.e.* removing the FPPE and Letter of Reprimand); compensatory damages;

5 accountability for the officials who retaliated against him; authorization of discovery and

6 trial; and reinstatement protection and non-retaliation safeguards for future

7 whistleblowers within the U.S. Army. (*Id.* at 7-8.)

8     On September 11, 2025, Secretary Driscoll filed the instant motion to dismiss

9 asserting that (1) the court should dismiss Mr. Larkey's WPA claim because the Merit

10 Systems Protection Board ("MSPB"), rather than this court, holds proper jurisdiction

11 over the claim and (2) Mr. Larkey fails to sufficiently state a claim for a violation of the

12 ADA, the Rehabilitation Act, or retaliation under 5 U.S.C. § 2302 and 29 C.F.R. §1614.

13 (*See, e.g.*, MTD at 1.)

14                   **III.    ANALYSIS**

15     The court first considers Secretary Driscoll's motion to dismiss Mr. Larkey's

16 WPA claim for lack of jurisdiction before turning to his motion to dismiss Mr. Larkey's

17 other claims for failure to state a claim. The court is mindful that Mr. Larkey is

18 proceeding *pro se* and, therefore, it must construe his pleadings liberally. *See McGuckin*

19 *v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, a *pro se* litigant must follow

20 the same rules of procedure that govern other litigants. *See, e.g.*, *Briones v. Riviera Hotel*

21 *& Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

22

**A.    Mr. Larkey's claim under the Whistleblower Protection Act is dismissed.**

Secretary Driscoll argues that the court should dismiss Mr. Larkey's claim under the WPA because jurisdiction over this claim lies with the OSC and MSPB. (*See* MTD. at 1.) Mr. Larkey agrees that the WPA requires him to exhaust his remedies with the OSC and MSPB and consents to the court dismissing his claim. (Resp. at 5.) Therefore, the court grants Secretary Driscoll's motion to dismiss Mr. Larkey's WPA claim and dismisses it without prejudice.

**B.    Mr. Larkey fails to state a claim under the ADA, the Rehabilitation Act, or the Equal Employment Opportunity processing regulations.**

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  Thus, the court's Rule 12(b)(6) review is limited only to the information presented in Mr. Larkey's complaint.

Secretary Driscoll moves to dismiss Mr. Larkey claims for violation of the ADA and the EEO processing regulations, 29 C.F.R. § 1614.  (*See* MTD at 2, 4-6; *see also* Compl. at 2.)  Mr. Larkey does not oppose Secretary Driscoll's motion to dismiss these claims.  (*See* Resp. at 5.)  Therefore, the court grants the motion to dismiss these claims.

Secretary Driscoll also moves to dismiss Mr. Larkey's claim for violation of the Rehabilitation Act.  (*See* MTD at 4-6; Compl. at 2.)  In response, Mr. Larkey argues only that he has stated a claim for failure to accommodate a disability.  (*See* Resp. at 4-5.)  In his complaint, however, Mr. Larkey does not discuss failure to accommodate and instead focuses on his retaliation claim.  (*See* Compl. 2-7.)  Additionally, in his complaint, Mr. Levy does not allege that he is a person with a disability.  (*See id.*)  His failure to allege that he is a person with a disability is fatal to his claim under § 504 of the Rehabilitation Act.  *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (affirming that a plaintiff bringing suit under § 504 of the Rehabilitation Act must allege that he is an individual with a disability).  Although he asserts in his response that he suffers from PTSD and a panic disorder (*see, e.g.*, Resp. at 6),  Mr. Larkey may not amend his complaint by alleging new facts or claims in his opposition to a motion to dismiss.  *See Khoja*, 899 F.3d at 998.  Therefore, the court grants Secretary Driscoll's motion to dismiss Mr. Larkey's claim for violation of the Rehabilitation Act.

## C. Leave to Amend

Mr. Larkey seeks leave to amend his complaint. (Resp. at 5.) Secretary Driscoll does not oppose this request. (Reply at 1.) Therefore, the court grants leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Secretary Driscoll's motion to dismiss (Dkt. # 6). The court DISMISSES Mr. Larkey's claim for violation of the WPA without prejudice. The court DISMISSES Mr. Larkey's claims for violation of the ADA and violation of the EEO processing regulations with prejudice. The court further GRANTS Mr. Larkey leave to amend his claim for violation of the Rehabilitation Act. The deadline for Mr. Larkey to file his amended complaint is **Tuesday, January 6, 2026**.

Dated this 15th day of December, 2025.

JAMES L. ROBART
United States District Judge