UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANDON LARKEY,

                        Plaintiff,

        v.

DANIEL P. DRISCOLL,

                        Defendant.

CASE NO. C25-05498JLR

ORDER

## I.   INTRODUCTION

Before the court is Defendant Secretary of the Army Daniel P. Driscoll's motion to dismiss *pro se* Plaintiff Landon Larkey's amended complaint.  (2d MTD (Dkt. # 22); Reply (Dkt. # 29); *see* Am. Compl. (Dkt. # 18).)  Mr. Larkey opposes the motion.  (Resp. (Dkt. # 28).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Secretary Driscoll's motion to dismiss.

ORDER - 1

## II.   BACKGROUND

The court set forth the factual and procedural background of this action in its December 15, 2025 order dismissing Mr. Larkey's original complaint and repeats that background here only as is relevant. (*See* 12/15/25 Order (Dkt. # 17) at 2-4.)

Mr. Larkey worked for the Army as a civilian social worker until 2024. (*See* Am. Compl. ¶¶ 14, 21-22.) In his original complaint, Mr. Larkey alleged that his supervisor subjected him to adverse employment actions in 2022 and 2023 on the basis of his age and disability and in retaliation for making complaints about timecard fraud. (*See generally* Compl. (Dkt. # 1).) Mr. Larkey filed informal and formal Equal Employment Opportunity ("EEO") complaints with the EEO Office at Joint Base Lewis-McChord. (*Id*.) An administrative law judge presided over the matter and determined that the record did not show that Mr. Larkey was subjected to discrimination on any basis. (*See* Compl. (Dkt. # 1) at 9-29[1] ("EEOCR Notice of Final Action).)

On June 5, 2025, Mr. Larkey commenced this action, bringing claims against Secretary Driscoll under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302. (*See generally* Dkt.; Compl. at 2.) On December 15, 2025, the court granted Secretary Driscoll's motion to dismiss and dismissed Mr. Larkey's WPA claim without prejudice for lack of jurisdiction; his claims for violations of the ADA and EEO

---

[1] The court refers to the page numbers in the CM/ECF header when citing the exhibits to Mr. Larkey's original complaint.

ORDER - 2

processing regulations as unopposed; and his Rehabilitation Act claims with leave to amend.  (12/15/25 Order; *see* 1st MTD (Dkt. # 6).)

Mr. Larkey filed his amended complaint on December 16, 2025.  (Am. Compl.) Mr. Larkey now alleges that the Army failed to reasonably accommodate his disability and retaliated against him for requesting accommodation by revoking accommodation, placing him on a performance plan, issuing a formal letter of reprimand, and imposing restrictions on his duties.  (*See* Am. Compl. ¶¶ 11, 19, 25-36.)  Mr. Larkey brings claims under the Rehabilitation Act for failure to provide reasonable accommodation, failure to engage in the interactive process, and retaliation.  (*Id*. at 5.)  On February 27, 2026, Secretary Driscoll moved to dismiss the amended complaint.  (2d MTD.)  Mr. Larkey responded to the motion on March 12, 2026, and Secretary Driscoll filed a reply on April 17, 2026.  (Resp.; Reply.)  The motion is now fully briefed and ripe for the court's consideration.

### III.    ANALYSIS

The court first sets forth the applicable legal standard before turning to the substance of the parties' arguments.

### A.    Legal Standard

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid*

ORDER - 3

*Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Secretary Driscoll asserts that the court must dismiss Mr. Larkey's amended complaint because he failed to exhaust his administrative remedies as to his Rehabilitation Act claims and those claims are now time-barred.[2]  (*See generally* 2d. MTD.)  In response, Mr. Larkey contends only that his current claims are sufficiently "like or reasonably related to" the three disability claims reviewed by the Army during the EEO investigation as to be considered exhausted.  (Resp. at 1-2; *see also id*. at 4-5 (admitting that he did not previously raise his Rehabilitation Act claims at the administrative level)*,* 13 (listing the three disability claims that the Army investigated).)  The court agrees with Secretary Driscoll for the reasons set forth below.

---

[2] The court agrees with Secretary Driscoll that it may judicially notice Mr. Larkey's records about his EEO proceedings.  (*See* 2d MTD at 5 n.3 (so contending).)  On a motion to dismiss, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *United States. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Federal Rule of Evidence 201(b)(2) similarly allows the court take judicial notice of "records and reports of administrative bodies" that are not subject to reasonable dispute for the purpose of determining whether a plaintiff previously exhausted his administrative remedies.  *Id*. at 909 (citation omitted).

ORDER - 4

A district court lacks jurisdiction to consider a Rehabilitation Act unless the plaintiff first exhausts his administrative remedies. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). Before filing a Rehabilitation Act claim in federal court, an employee must make an informal complaint and consult an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting 29 C.F.R. § 1614.105(a)). If the consultation fails to resolve the matter, the employee must file a formal complaint to be decided by an administrative law judge. *See Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) (citing 29 C.F.R. §§ 1614.105(d), 1614.106). The employee cannot file suit in federal court unless they do so within 90 days of receiving notice of final agency action on the employee's formal complaint, or at least 180 days after filing the formal complaint if the agency takes no final action by that time. *Id*. (citing 42 U.S.C. § 2000e-16(c) and 29 C.F.R. §§ 1614.407(a)-(b)).

The district court also has jurisdiction over any charges of discrimination that are "like or reasonably related to" the claims the employee exhausted through the EEO process, or that "reasonably could be expected to grow out of" those claims. *Leong*, 347 F.3d at 1122 (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990)). New claims are not "like or reasonably related to" the claims presented to the EEO if they differ substantially from those claims, rely on a different legal theory or a different statute, and could not be expected to grow out of the original EEO investigation. *See id*.

ORDER - 5

**B.      The Court Lacks Jurisdiction to Consider Mr. Larkey's Claims.**

Here, the court concludes that it lacks jurisdiction to consider Mr. Larkey's claims under the Rehabilitation Act because Mr. Larkey did not administratively exhaust these claims and because they are not like or related to his already exhausted claims.  Mr. Larkey does not dispute that he did not expressly exhaust the Rehabilitation Act claims he raises in his amended complaint.  (*See generally* Resp.)  Rather, he asserts that his new claims are sufficiently like or related to his exhausted claims for the court to consider those claims exhausted.  (Resp. at 2.)  He argues that "certain accommodation and interactive-process allegations" in his amended complaint should be "properly understood as part of, or at least like or reasonably related to" the allegations he already exhausted during the EEO process.  (*Id.*; *see also id.* at 15-19 (so contending).)  The court disagrees because Mr. Larkey's new claims differ substantially from the claims he presented to the EEO, rely on a different legal theory and a different statute, and could not be expected to grow out of the EEO's investigation.

Mr. Larkey initially complained that his supervisor's discriminatory treatment began in 2022.  (Compl. at 2.)  In his informal complaint to the EEO, his formal complaint of discrimination, and his filings before the ALJ, Mr. Larkey alleged that his Army supervisor subjected him to age and disability discrimination and adverse employment actions as retaliation for reporting his supervisor's suspected timecard fraud; he made no mention of requests for accommodations.  (*See* Bishop Decl. (Dkt. # 23) ¶ 2, Ex. A (EEO Counselor's Report) at 2; *id.* ¶ 3, Ex. B (Formal Complaint of Discrimination) at 2; Compl. at 39-63 (Summary Judgment Opposition).)  Mr. Larkey did

not make any requests for reasonable accommodation until between 2023 and 2024. (Am. Compl. ¶ 15.)  Indeed, it appears that the amended complaint in this action marks the first time Mr. Larkey has alleged that his supervisor's discriminatory conduct flowed from Mr. Larkey's request for reasonable accommodation.  (*See id.*)  Thus, the court agrees with Secretary Driscoll that, on this record, the EEO could not reasonably have been expected to uncover Mr. Larkey's Rehabilitation Act claims during its investigation. (2d MTD at 6.)  Consequently, the court concludes that Mr. Larkey's new claims are not sufficiently "like or reasonably related to" his exhausted claims as to consider the new claims exhausted.  Furthermore, because more than 45 days have passed since Mr. Larkey was subjected to the allegedly discriminatory conduct, any failure to accommodate claims based on that conduct are now time-barred.  *See Cherosky*, 330 F.3d at 1245.

**C.      The Court Denies Leave to Amend.**

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2).  Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).  Because Mr. Larkey did not administratively exhaust his current claims and those claims are now time-barred, the court concludes that further amendment would be futile.  Therefore, the court denies leave to amend.

ORDER - 7

## IV.   CONCLUSION

Consequently, the court grants Secretary Driscoll's motion to dismiss (Dkt. # 22). The court DISMISSES Mr. Larkey's complaint and this action with prejudice.

Dated this 21st day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8